**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

—————————

**No. 07-4335**

—————————

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

MARK TIMOTHY OSMENT,

Defendant - Appellant.

—————————

Appeal from the United States District Court for the District of
South Carolina, at Spartanburg.  Henry M. Herlong, Jr., District
Judge.  (7:06-cr-00984-HMH)

—————————

Submitted:  October 18, 2007          Decided:  October 23, 2007

—————————

Before WILKINSON, NIEMEYER, and KING, Circuit Judges.

—————————

Affirmed by unpublished per curiam opinion.

—————————

Benjamin T. Stepp, Assistant Federal Public Defender, Greenville,
South Carolina, for Appellant.  W. Walter Wilkins, OFFICE OF THE
UNITED STATES ATTORNEY, Greenville, South Carolina, for Appellee.

—————————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Mark Timothy Osment appeals from his conviction and 27-month sentence imposed following his guilty plea to wire fraud. Osment's attorney filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), stating that there were no meritorious issues for appeal, but challenging the validity of the plea and the reasonableness of the sentence. Osment was advised of his right to file a pro se supplemental brief, but has declined to do so. Our review of the record discloses no reversible error; accordingly, we affirm Osment's conviction and sentence.

We find that Osment's guilty plea was knowingly and voluntarily entered after a thorough hearing pursuant to Fed. R. Crim. P. 11. Osment was properly advised of his rights, the elements of the offense charged, and the maximum sentence for the offense. The court also determined that there was an independent factual basis for the plea and that the plea was not coerced or influenced by any promises. See United States v. DeFusco, 949 F.2d 114, 119-20 (4th Cir. 1991). We find that the plea was valid.

We find that the district court properly applied the Sentencing Guidelines and considered the relevant sentencing factors before imposing the 27-month sentence. 18 U.S.C.A. § 3553(a) (West 2000 & Supp. 2007); see United States v. Hughes, 401 F.3d 540, 546-47 (4th Cir. 2005). Additionally, we find that the sentence imposed—which was within the properly calculated

guideline range—was reasonable. See <u>United States v. Green</u>, 436 F.3d 449, 457 (4th Cir.) ("[A] sentence imposed within the properly calculated [g]uidelines range . . . is presumptively reasonable.") (internal quotation marks and citation omitted), <u>cert. denied</u>, 126 S. Ct. 2309 (2006); <u>see also</u> <u>Rita v. United States</u>, 127 S. Ct. 2456, 2462-69 (2007) (upholding application of rebuttable presumption of correctness of within-guideline sentence). Accordingly, we affirm Osment's sentence.

As required by <u>Anders</u>, we have reviewed the entire record and have found no meritorious issues for appeal. We therefore affirm Osment's conviction and sentence. This court requires that counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>